**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**at ASHLAND**

**Civil Action No. 06-109-HRW**

**SCOTT CAUDILL**,                                                    **PLAINTIFF,**

**v.**                        **MEMORANDUM OPINION AND ORDER**


**JO ANNE B. BARNHART**
**COMMISSIONER OF SOCIAL SECURITY,**                **DEFENDANT.**


Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for supplemental security income benefits.  The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## II.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for  supplemental security income benefits on September 10, 2003, alleging disability beginning on January 1, 2003, due to diabetes, spots on liver, pancreatitis, hbp, glaucoma, high cholesterol and a

nervous condition (Tr. 75-81). This application was denied initially and on reconsideration. On March 18, 2005, an administrative hearing was conducted by Administrative Law Judge James Quinlivan (hereinafter "ALJ"), wherein Plaintiff appeared and testified. At the hearing, Ted Tanzey, a vocational expert (hereinafter "VE"), also testified. The ALJ convened a second hearing on November 15, 2005 during which Plaintiff testified as did another VE, Gina Baldwin.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from

2

performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On February 21, 2006, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 17-25).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability (Tr. 24).

The ALJ then determined, at Step 2, that Plaintiff suffered from right shoulder and left arm pain, diabetes (non-insulin), arthritis in the hands, smoker's shortness of breath, borderline IQ (very poor verbal / language skills) and anxiety, not otherwise specified, which he found to be "severe" within the meaning of the Regulations (Tr. 24).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 24). In doing so, the ALJ specifically considered listings 1.03, 3.02, 12.00, 12.02 and 12.04 (Tr. 18-19).

The ALJ further found that Plaintiff could not return to his past relevant work (Tr. 25) but determined that he has residual functional capacity ("RFC") to perform a significant range of medium work, with certain restrictions(Tr. 24).

The ALJ finally concluded that these jobs exist in significant numbers in the

national and regional economies, as identified by the VE (Tr. 25).  Accordingly,

the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation

process.

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner on May 31, 2006 (Tr. 5-

7).

Plaintiff thereafter filed this civil action seeking a reversal of the

Commissioner's decision.  Both parties have filed Motions for Summary Judgment

[Docket Nos. 6 and 7] and this matter is ripe for decision.

## III.  ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is

supported by substantial evidence.  "Substantial evidence" is defined as "such

relevant evidence as a reasonable mind might accept as adequate to support a

conclusion;" it is based on the record as a whole and must take into account

whatever in the record fairly detracts from its weight.  *Garner v. Heckler*, 745 F.2d

383, 387 (6th Cir. 1984).   If the Commissioner's decision is supported by

substantial evidence, the reviewing Court must affirm.  *Kirk v. Secretary of Health*

*and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957

(1983).  "The court may not try the case *de novo* nor resolve conflicts in evidence,

nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).  Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

In support if his appeal, Plaintiff contends that the ALJ did not properly evaluate the severity of the blindness in one of his eyes.

A "severe" impairment is one which significantly limits one's physical or mental abilities to do basic work activities.   20 C.F.R. § 416.920( c).   In addition, the impairment must be severe for a continuous period of at least twelve months. 20 C.F.R. § 416.920(a)(4)(ii).   It is the burden of the claimant to prove the severity of his impairments.  *Higgs v. Bowen,* 880 F.2d 860, 863 (6th Cir. 1988), *citing, Murphy v. Secretary of Health and Human Services*, 801 F.2d 182, 185 (6th Cir. 1986).

In this case, Plaintiff  failed in carrying his burden of demonstrating that the blindness in one of his eyes is "severe," as defined by the Regulations.   He has brought forth no evidence that the lack of vision in one eye  significantly impacts his ability to perform basic work activities.   Rather, Plaintiff appears to suggest

5

that the existence of an impairment is tantamount to its severity.   That is not the case.  The pertinent inquiry is whether an impairment impacts one's functional capabilities, not merely whether an impairment exists.

Moreover, the ALJ resolved Step 2 in Plaintiff's favor;  the fact the ALJ did not consider this particular impairment to be severe did not impede Plaintiff's claim for disability.

Plaintiff also alleges that the ALJ failed to consider the combined effects of his impairments.  In this case, the ALJ specified he considered Plaintiff's impairments in combination at various stages in his evaluation and that he considered all symptoms in making his ultimate assessment.  (Tr. 18- 19, 20, 24). As the Defendant points out, such articulations have been found to be sufficient. *See Gooch v. Secretary of Health and Human Services*, 833 F.2d 589, 592 (6th Cir. 1987).  Furthermore, Plaintiff has not shown that the combined affects of his impairments would result in limitations not reflected in the ALJ''s assessment of his RFC.   As such, Plaintiff's contention is without merit.

Finally, Plaintiff asserts that he was prejudiced because he was not represented by counsel.

Although the ALJ has a "special duty to ensure that a full fair administrative record is developed" in cases where a claimant does not have legal counsel, the

6

absence of legal counsel is not in and of itself grounds for reversal.  *See Duncan v. Secretary of Health and Human Services*, 801 F.2d 847, 856 (6th Cir. 1986)(citations omitted).  Each case must be assessed to determine whether the ALJ fulfilled his obligation.

In this case, the record shows that Plaintiff was made aware of his right to representation, on several occasions, but that he, repeatedly, waived that right and chose to proceed without counsel (Tr. 34, 42, 49, 46, 54, 402, 416).  In addition, at the hearing, the ALJ explained to Plaintiff the nature of the hearing and questioned him in detail about his background and why he considered himself to be disabled, thereby giving him sufficient opportunity to state his case.

With regard to the record, there is nothing to suggest that the ALJ overlooked or failed to develop the medical evidence.  To the contrary, having reviewed the record, the Court finds that the ALJ properly analyzed the evidence.

Notably, Plaintiff fails to specify how he was prejudiced by choosing to proceed without counsel.  The Court can discern  no evidence of prejudice in this case.

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.   Accordingly, it is **HEREBY ORDERED** that the Plaintiff's

Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.  A judgment in favor of the Defendant will be entered contemporaneously herewith.

This April 12, 2007.

Signed By:

*Henry R Wilhoit Jr.*

**United States District Judge**

8